UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/21
```

---

United States of America,

          –v–

Delvis Ramirez, Pedro Sosa-Zarzuela, and
Rodolfo Escoto,

                Defendants.

---

21-CR-41 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On February 24, 2021, the Government filed a letter motion requesting that the Court

enter a proposed protective order.  Dkt. No. 30.  In its letter motion, the Government noted that

counsel for Defendants Delvis Ramirez, Pedro Sosa-Zarzuela, and Rodolfo Escoto objected to

the inclusion of a provision governing materials designated as "Sensitive Disclosure Material,"

which would require that such materials remain in the sole possession of defense counsel.  *Id.* at

1–2.  Counsel for Ramirez and Sosa-Zarzuela also objected to a separate provision of the

proposed protective order that would allow the Government to make redactions of personal

identifying information, including birthdates, Social Security numbers, and addresses.  *Id.*  Along

with its letter motion, which was filed on the public docket, the Government also submitted an *ex

parte* letter that informed the Court about the details of the materials at issue.  Counsel for

Ramirez and Sosa-Zarzuela submitted responses to the Government's letter motion, explaining

the basis for their objections and challenging the necessity of such a provision.  Dkt. Nos. 33, 34,

36, 37.   The Government filed its reply on March 8, 2021, including in its submission an

amended proposed protective order that addressed an ambiguity regarding the redaction

provision.  Dkt. No. 39 & Ex. A.  Having considered the parties' arguments, the Court GRANTS the Government's letter motion for entry of the amended proposed protective order.

Under Federal Rule of Criminal Procedure 16(d)(1), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The good cause standard "requires courts to balance several interests, including whether dissemination of the discovery materials inflicts hazard to others . . . whether the imposition of the protective order would prejudice the defendant," and "the public's interest in the information." *United States v. Smith*, 985 F. Supp. 2d 506, 522 (S.D.N.Y. 2013).  The party seeking to restrict disclosure bears the burden of showing good cause.  *Cf. Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004).

The Government has shown good cause for its proposed protective order.  At issue here is the safety of a cooperating witness, a number of informants, and an undercover agent, whose security would potentially be compromised in the absence of such a protective order.  *See* Dkt. No. 30 at 1–2.  "Although [Rule 16] does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed."  Fed. R. Crim. P. 16, Advisory Committee Notes, 1974 Amendment.  *See also United States v. Urena*, 989 F. Supp. 2d 253, 262 (S.D.N.Y. 2013) (collecting cases in which courts approved redactions of Rule 16 material or similar means of protecting witness identity).

Neither Ramirez nor Sosa-Zarzuela take issue with the significance of the Government's interest in protecting the identities of the cooperating witness, the informants, and the undercover agent.  *See* Dkt. Nos. 33, 36, 37.  They instead argue that the Government's interest could be addressed by a narrower restriction—namely, a restriction on the *dissemination* of the sensitive

materials and not on the Defendants' *possession* of the sensitive materials.  *Id.*  The Court concludes, however, that the prohibition on Defendants' possession of these materials is tailored to the specific interest at stake of protecting the security and privacy of the cooperating witness, the informants, and the undercover agent.  Among other things, Defendants' possession of these materials—which include recordings that would confirm the identification of these individuals and establish their relationship to law enforcement—would enervate the risk that the materials would be used to identify these individuals and establish their relationship to law enforcement, that the materials could inadvertently be misplaced, and that the materials could be intentionally circulated to others.  *See* Dkt. No. 39 at 2.  As a result of these concerns, the Court agrees with the Government that the Defendants' counter-proposal is insufficient and that there is good cause to require that defense counsel remain in sole possession of these materials.

The Court also concludes that the Government has shown good cause as to the provision permitting the redaction of personal identifying information that would identify particular witnesses and third parties.  *See* Dkt. No. 39, Ex. A, ¶ 5.  There is a strong and specific interest in protecting the privacy of witnesses and third parties, and good cause exists for narrowly tailored redactions that advance that interest.

The Court takes seriously Defendants' concern that in light of the ongoing difficulties stemming from the COVID-19 pandemic, requiring the Defendants to review these materials in defense counsel's offices will create some degree of burden.  *See* Dkt. No. 36 at 2.  But these concerns are mitigated by the fact that the materials at issue are not so voluminous as to make such review impracticable, *see* Dkt. No. 32, and by the fact that Defendants will have over eight months to prepare for trial.

Thus, the Court concludes that good cause exists for the proposed protective order and will enter it accordingly.[1]  In order to ensure that the Defendants are able to meaningfully participate in their defense, however, the Court will set a control date of September 1, 2021 for the Defendants to raise any concerns regarding their ability to access these materials and otherwise participate in their defense.

SO ORDERED.

Dated: March 10, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] It goes without saying that nothing in the protective order otherwise excuses the Government from complying with its ongoing disclosure obligations, including those under *Brady v. Maryland*, 373 U.S. 83 (1963).  *See* Dkt. No. 15.