UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Delvis Ramirez,

                Defendant.

21-CR-41 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      The Court is in receipt of the Government's request to accept Defendant Ramirez's guilty plea. Dkt. No. 66. With the Defendant's consent, his guilty plea allocution was made before the Magistrate Judge on January 25, 2022. The Court has reviewed the transcript of the plea allocution and determined that that the Defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea. Accordingly, it is hereby ORDERED that Defendant's guilty plea is accepted.

      The Government also asks the Court to remand Defendant to the custody of the United States Marshals Service pending sentencing pursuant to 18 U.S.C. § 3143(a)(2), which mandates detention pending sentencing unless certain conditions apply. *See* Dkt. No. 66. Defendant Ramirez opposes and requests that this Court maintain his bail conditions. Dkt. No. 69. Defendant does not contend that the conditions set forth in § 3143(a)(2)(A) apply. Rather, he argues that he meets the conditions set forth in § 3143(a)(1) and § 3145(c).

      A defendant awaiting sentencing for an offense covered by § 3143(a)(2) may be released pending sentencing if: "(1) the district court finds that the conditions of release set forth in § 3143(a)(1) have been met, *and* (2) 'it is clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate.'" *United States v. Lea*, 360 F.3d 401, 403

(2d Cir. 2004) (quoting 18 U.S.C. § 3145(c)). Defendant fails to make such a showing. Mr. Ramirez's desire to maintain his employment and remain with his family pending sentencing is not "a unique combination of circumstances giving rise to situations that are out of the ordinary." *Id.* (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). And while Mr. Ramirez raises a general concern of exposure to COVID-19 due to his age (44), he is not of an age that substantially increases his risk for severe complications from COVID-19. *See COVID-19 (Coronavirus Disease):* People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-withmedical-conditions.html (last updated Dec. 14, 2021); *see also United States v. Watson*, No. 19-CR-4-1(WFK), 2020 WL 2315415, at *4 (E.D.N.Y. May 6, 2020) (denying release under § 3145(c) when defendant "failed to show his condition puts him at higher risk of contracting COVID-19" (internal quotation marks and citation omitted)).

Accordingly, it is hereby ORDERED that Defendant is remanded to the custody of the United States Marshals Service pending sentencing. The parties are ORDERED to confer on a date by which Mr. Ramirez must surrender to the United States Marshals Service at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. The parties must provide the Court the surrender date on or before February 2, 2022.

This resolves Dkt. Nos. 66 and 69.

SO ORDERED.

Dated: January 31, 2022
New York, New York

_____
ALISON J. NATHAN
United States District Judge