UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v.-

DELVIS RAMIREZ,

Defendant.

21 Cr. 41 (JHR)

MEMORANDUM OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court is Defendant Delvis Ramirez's motion for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines (the "Guidelines"), U.S.S.G. App. C, Amendment 821 (U.S. Sent'g Comm'n 2023) ("Amendment 821"). ECF No. 159 (Mot.). For the reasons set forth below, Defendant's motion is denied.

## RELEVANT BACKGROUND

### A. Defendant's Offense, Plea, and Sentencing

"From at least January 2019 up to and including October 2019," Defendant organized "approximately two soft robberies of narcotics and approximately six soft robberies of money."[1] PSR ¶¶ 2, 22. Over the course of those robberies, Defendant and his crew "obtained at least approximately 29 kilograms of cocaine and at least approximately $1,000,000 in cash." *Id.*

On January 19, 2021, Defendant was indicted for narcotics conspiracy to "distribute and possess with intent to distribute [] 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine," in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). *Id.* ¶ 2. On January 25, 2022, Defendant pleaded guilty, pursuant to a plea agreement, to "the lesser included offense of conspiracy to distribute and possession with intent to distribute 500 grams and more of mixtures and substances containing cocaine in violation of 21, United States Code, [§§] 846

[1] The Final Presentence Investigation Report does not appear on the public docket. In this Memorandum Opinion & Order, citations to the "PSR" refer to the Revised Final Presentence Investigation Report at ECF No. 95.

and 841(b)(1)(B)." ECF No. 67 (Plea Tr.) at 11:14-18; *see* ECF No. 70 ("It is hereby ORDERED that Defendant's guilty plea is accepted."). As part of his plea agreement, Defendant agreed to a four-point aggravating role enhancement pursuant to U.S.S.G. §3B1.1(a) "because [he] was the organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive"[2] PSR ¶ 4(A)(4); ECF No. 90.

On June 24, 2022, Probation issued its Final Presentence Investigation Report. A Revised Final Presentence Investigation Report was issued on October 4, 2022. *See* PSR. Applying the November 1, 2021 version of the Guidelines, Probation determined that Defendant's total offense level was 33. PSR ¶ 51. In arriving at that number, Probation calculated Defendant's base offense level as 32, "[b]ecause the offense involved at least 15 kilograms but less than 50 kilograms of cocaine." *Id.* ¶ 42. Pursuant to U.S.S.G. § 3B1.1(a), Probation added four points for Defendant's role as "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." *Id.* ¶ 45. Defendant then received a two-point reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a) and an additional one-point reduction under U.S.S.G. §3E1.1(b). *Id.* ¶¶ 49, 50. Defendant had zero criminal history points. *Id.* ¶ 56.

Probation determined that Defendant's Guidelines range was 135 to 168 months and recommended a sentence of 135 months. *Id.* at 22. At sentencing, Judge Crotty "accept[ed] [Probation's calculation] as accurate and adopt[ed] the report of [] probation in the PSR." Sentencing Tr. at 15:24-35. Judge Crotty sentenced the Defendant to 108 months' imprisonment and five years of supervised release. ECF No. 91; *see also* Sentencing Tr. at 23:10-11.

---

[2] The case was originally assigned to the Honorable Alison J. Nathan. On April 1, 2022, it was reassigned to the Honorable Paul A. Crotty.

**A. The Instant Motion**

Defendant seeks retroactive application of Amendment 821 pursuant to 18 U.S.C. § 3582(c)(2), arguing that the Amendment "would result in a NEW TOTAL OFFENSE LEVEL of 29," yielding a new Guidelines Sentencing Range of 87 to 108 months. Mot. at 3. Probation issued an Amendment 821 Supplemental Presentence Report, ECF No. 164 (Supplemental PSR), which states that "defendant is precluded from the zero-point offender offense level reduction pursuant to USSG § 4C1.1" because of the "adjustment" he "receive[d] . . . under §3B1.1 (Aggravating Role)." *Id.* at 3.

At the Court's direction, the Government filed a response to Defendant's motion and agreed that Defendant "does not qualify for relief under Amendment 821." ECF No. 168 (Opp.).

**DISCUSSION**

"A sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582." *Poindexter v. United States*, 556 F.3d 87, 89 (2d Cir. 2009). Section 3582(c)(2) provides that a court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A court considering a motion for a reduced sentence under Section 3582(c)(2) must follow a "two-step approach." *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must "follow the Commission's instructions in § 1B1.10 [of the Guidelines] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step

one is warranted in whole or in part under the particular circumstances of the case." *Id*.

"Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively." *United States v. Chiu*, No. 23 Cr. 262 (DLC), 2024 WL 4451829, at *2 (S.D.N.Y. Oct. 9, 2024) (determining Defendant was ineligible for reduction). As relevant here, it "provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points." *Id.* (citing U.S.S.G. § 4C1.1). "Critically, a defendant with zero criminal history must satisfy numerous additional [conditions] to remain eligible for Amendment 821." *United States v. Hertular*, No. 04 Cr. 9 (NRB), 2024 WL 3429461, at *2 (S.D.N.Y. July 16, 2024). For example, such a defendant must show, among other things, that (1) he did not "use violence or credible threats of violence in connection with the offense," (2) he "did not possess, receive, purchase, transport, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense," and (3) *he did not receive an "adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise*." *Id.* (citing U.S.S.G. §§ 4C1.1(a)(3), (7), (10)) (emphasis added).

"Here, the [D]efendant meets one of those disqualifying conditions," as "he received an adjustment under § 3B1.1 for an Aggravating Role." *United States v. Ortiz*, No. 19 Cr. 536 (PKC), 2024 WL 4383027, at *2 (S.D.N.Y. Oct. 3, 2024), *appeal dismissed* (May 27, 2025); *see* PSR at 11; Opp. at 2 ("In the plea agreement, annexed hereto as Exhibit A, the parties agreed to a Guidelines calculation that included, among other enhancements, a four-level role enhancement under U.S.S.G. § 3B1.1."); *see United States v. Ontiveros*, No. 14 Cr. 133 (GHW), 2025 WL 3265505, at *1 (S.D.N.Y. Nov. 24, 2025) (denying sentence reduction because among other things, Defendant "received an aggravating role enhancement under § 3B1.1").

**CONCLUSION**

For the foregoing reasons, Defendant's motion for a sentence reduction is denied.

The Clerk of Court is directed to terminate ECF Nos 159 and 165.

SO ORDERED.

Dated: July 17, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge